IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOSHUA JAMES ROBERTSON,

                          Plaintiff,

          v.                                    CASE NO. 12-3109-SAC

CHAUNCEY BIBY, et al.,

                          Defendants.


MEMORANDUM AND ORDER

     This matter comes before the court on a civil action filed pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). Plaintiff alleges interference with his right to free exercise of religion during his confinement in the Lansing Correctional Facility. He proceeds pro se and seeks leave to proceed in forma pauperis. He seeks declaratory and injunctive relief and monetary damages.

*The motion to proceed in forma pauperis*

     Pursuant to 28 U.S.C. § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposit or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

     Having examined the financial records submitted by the plaintiff, the court finds the average monthly deposit to his account is $0.00, and the average monthly balance is $0.06. The court therefore does not assess an initial partial filing fee and grants the motion to proceed in forma pauperis. As funds become available, plaintiff will be required to pay the $350.00 filing fee in installments

calculated pursuant to 28 U.S.C. §1915(b)(2).

*Background*

Plaintiff commenced this action while assigned to long-term segregated housing at the Lansing Correctional Facility, a status which prevented him from attending congregate religious services. He claims that his religious beliefs require that he be able to hear the Bible read aloud by another person at least every seven years. Plaintiff states that due to his indigence, he has been unable to purchase audio equipment and that he has been denied access to such equipment purchased by a third party.

*Screening*

Because plaintiff is a prisoner, the court must screen the complaint and must dismiss it, or any part of it, that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(b). While a pro se party's pleadings are read liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), plaintiff has the burden of alleging "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(applying the *Twombly* standard in dismissing a complaint for failure to state a claim for relief).

As noted, plaintiff proceeds under the RLUIPA, 42 U.S.C. § 2000cc-1. The RLUIPA provides that a government shall not impose a substantial burden on a prisoner's religious exercise unless the burden "further[s] a compelling governmental interest … by the least restrictive means." 42 U.S.C. § 2000cc-1.

In a recent decision, the Tenth Circuit joined four other circuits in concluding that the RLUIPA does not provide a cause of action against individual defendants in their individual capacities. *Stewart v. Beach*, ___ F.3d ___, 2012 WL 6582331, **8-9 (10th Cir. Dec. 18, 2012)[1].

In *Stewart*, the Tenth Circuit adopted the reasoning that because the RLUIPA was enacted pursuant to the Spending Clause of the United States Constitution, it operates as a contract between the federal government and the entity that receives the federal funding. *See* 42 U.S.C. § 2000cc-1(b)(1)(RLUIPA "applies in any case in which … the substantial burden is imposed in a program or activity that receives Federal financial assistance.") Because individual defendants, such as the state employees named in this action, are not parties in their individual capacities to that contract, they are not subject to individual liability in a private action brought pursuant to the RLUIPA. *Stewart*, 2012 WL 6582331, **8-9 (citing authorities).

Thus, all claims against the defendants in their individual capacities must be dismissed.

Next, to the extent plaintiff asserts a claim for damages against the defendants in their official capacities, his claims are barred by the Eleventh Amendment, which protects a state, an agency of the state, and state employees acting in their official capacities from suit unless Congress has specifically abrogated the state's immunity or there has been a waiver by the state. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The Eleventh Amendment bar applies to claims brought under the RLUIPA, and, accordingly, actions brought under the RLUIPA are limited to claims for prospective injunctive

---

[1] A copy of that order is attached.

relief. *See Sossaman v. Texas*, ___ U.S. ___, ___, 131 S.Ct. 1651, 1663 (2011)(holding that "States in accepting federal funding do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA").

Finally, while the complaint also seeks declaratory and injunctive relief, plaintiff has notified the clerk of the court of his transfer to another facility (Doc. 5). Such a transfer ordinarily renders claims for declaratory and injunctive relief moot. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir.), *cert. denied*, ___ U.S. ___, 131 S.Ct. 469 (2010)(a prisoner's transfer from one prison to another moots claims for declaratory and injunctive relief against officials at the prior facility).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall proceed pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED plaintiff's motion for a preliminary injunction (Doc. 3) is denied as moot.

Copies of this order shall be transmitted to the plaintiff and to the finance office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

DATED: This 2nd day of January, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge