IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JOSHUA JAMES ROBERTSON,**

        **Plaintiff,**

    v.                                CASE NO. 12-3109-SAC

**CHAUNCEY BIBY, et al.,**

        **Defendants.**


**MEMORANDUM AND ORDER**


    This matter is a civil action filed pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). Plaintiff, a prisoner in state custody, alleges interference with his religious freedom during his placement in long-term segregation.

    By its order entered on January 2, 2013, the court dismissed this matter for failure to state a claim upon which relief may be granted.

    On January 14, plaintiff filed a combined motion to correct clerical mistakes, motion for relief from judgment, and motion to alter or amend judgment (Doc. 7). Because the motion was filed within 28 days from the entry of the judgment, the court liberally construes it as a motion pursuant to Fed.R.Civ.P. 59(e).

    To prevail on this motion, the plaintiff must establish either "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A Rule 59(e) motion … is designed to permit relief in extraordinary circumstances and not to offer a

second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l, Ltd.*, 2009 WL 761322 (N.D.Okla. Mar. 19, 2009).

Plaintiff first complains of error in the court's statement that he commenced the action while housed in long-term segregation at the Lansing Correctional Facility. Plaintiff, in fact, was assigned to such a housing status at the El Dorado Correctional Facility when he commenced this action. This correction is noted.[1]

Next, plaintiff complains of error in the court's statement that he claimed that his religious belief requires that he hear the Bible read aloud by another person at least every seven years. However, paragraph 24 of the complaint reads:

> The Bible commands me, "And Moses commanded them, saying, at the end of every seven years, in the solemnity of the year of release, in the feast of tabernacles, When all Israel is come to appear before the LORD thy God in the place which he shall choose, thou shalt read this law before all Israel in their hearing." (Deuteronomy 31: 10-11 KJV). (Doc. 1, p. 5.)(emphasis in original).

Elsewhere, the complaint states:

> The total ban on Christian Chapel service and Christian callouts for inmates in Administrative Segregation is a refusal by the defendants to provide for the religious exercise of hearing the Bible spoken by someone reading the Bible which creates pressure on me to not hear the Bible spoken by someone reading the Bible and that the non-hearing or prevention of hearing the Bible spoken by someone does not conform with my understanding of the requirements of Christianity and compels inaction with respect to studying the Bible. (Doc. 1, p. 7.)

The following reference appears in plaintiff's original grievance:

---

[1] Plaintiff currently resides in the Ellsworth Correctional Facility. He remains in long-term protective custody.

> I am a Christian and there are over 1,800 references in the Bible to hearing God's word, but only about 88 references to reading. And of those, two-thirds are to reading the Bible aloud. In fact, every seven years, the priests and elders were to "read this law in front of all Israel in their hearing." Deuteronomy 31: 10-11 (King James Version). (Doc. 1, Attach. 8, p.5.)

Accordingly, the court concludes its construction of the complaint to allege a need to hear the Bible read aloud every seven years is reasonable and does not constitute clear error.

Next, plaintiff challenges the dismissal of his request for injunctive relief due to his transfer to another correctional facility. He argues that policy allows a prisoner to possess an MP3, a type of digital audio player, and to retain property as he transfers between facilities, and he contends that under RLUIPA he should be permitted to have an MP3 purchased by a third party[2] and an audio version of the Bible.

Plaintiff sought the accommodation of his religious practice by submitting a request, as contemplated by IMPP 10-110, Section V. He also filed an administrative grievance.

In response, his Unit Team prepared a reply that advised him that no prisoner in long-term segregation has access to an MP3, that if released from segregation, plaintiff would be required to purchase the device with personal funds, and that no download of the Bible was currently available from the contract provider used by the prison population. (Doc. 1, Ex. 8, p. 4.) The Warden approved this response in a memorandum dated March 2, 2012, (*id.*, p. 3), and both Gloria

---

[2] Plaintiff owes the Kansas Department of Corrections in excess of $700.00. Doc. 1, p. 3.

Geither, Director of Religious Programs, and Douglas Burris, the Secretary's designee, concurred with this response in a grievance response dated April 2, 2012 (*id.*, p. 1).

The RLUIPA bars a government from "impos[ing] a substantial burden on the religious exercise" of a prisoner "unless the government demonstrates that imposition of the burden … (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

Plaintiff, as a prisoner seeking relief under RLUIPA, must establish that "he wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312 (10th Cir. 2010).

In *Abdulhaseeb*, the Tenth Circuit held that a government imposes a "substantial burden" on free exercise where it "requires participation in an activity prohibited by a sincerely held religious belief", "prevents participation in conduct motivated by a sincerely held religious belief" or "places substantial pressure on an adherent … to engage in conduct contrary to a sincerely held religious belief." *Id.* at 1315. Plaintiff's claim implicates the second of these, that is, his participation in conduct that would allow him to hear the Bible read aloud by another person.

Here, plaintiff's long-term protective custody status serves the compelling interest in providing safe conditions of confinement.

While plaintiff's status necessarily renders his participation in religious activities more challenging, it does not follow that the Kansas Department of Corrections must respond with plaintiff's preferred alternative, namely, an MP3 funded by a third party and access to an electronic download of the Bible. Indeed, it is apparent that the Chaplain in the El Dorado Correctional Facility personally visited the segregation unit, (Doc. 1, p. 3), and plaintiff offers no statement concerning access to clergy or religious services in his current confinement in the Ellsworth Correctional Facility. The court finds no clear error in the decision to dismiss this matter.

Having carefully considered the record, the court finds no basis to grant relief on the motion to alter or amend.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to alter or amend (Doc. 7) is denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 30th day of July, 2013, at Topeka, Kansas.

    S/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge