```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JOSHUA JAMES ROBERTSON,**

                    **Plaintiff,**

      v.                                   **CASE NO. 12-3109-SAC**

**CHAUNCEY BIBY, et al.,**

                    **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

**Background**

This matter is a civil action filed under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, filed by a prisoner in state custody. Plaintiff seeks access to an audio Bible.

Plaintiff is housed in long-term administrative segregation and is unable to attend congregational worship services (Doc. #1, p. 3). The complaint asserts, in relevant part, that plaintiff is "required to hear the Bible spoken by someone reading the Bible" *id*., p. 7, and that the denial of access to an audio Bible has prevented him from this religious exercise. *Id*. ("the non-hearing or prevention of hearing the Bible spoken by someone does not conform with my understanding of the requirements of Christianity and compels inaction with respect to studying the Bible.").

On March 25, 2015, the Court granted defendants' motion to dismiss this matter. Plaintiff appealed, and on June 14, 2016, the U.S. Court of Appeals for the Tenth Circuit reversed the dismissal of the action and remanded the matter for further proceedings (Doc. #103).

Since then, plaintiff has presented a different version of the audio Bible to officials of the Kansas Department of Corrections ("KDOC"). Finding that the new version of that device does not present the same security concerns identified with the earlier version of that device, KDOC officials have allowed him to possess the device, regardless of his incentive level and disciplinary status, so long as he abides by facility policies and state and federal law (Doc. #145, Attach. 1, p. 4, letter describing terms of possession of device).

Several motions are pending before the Court, namely:

    Doc. #105 plaintiff's motion for summary judgment;
    Doc. #113 defendants' motion for summary judgment;
    Doc. #116 plaintiff's motion for an extension of time to
    respond to defendants' motion;
    Doc. #123 plaintiff's motion for permission to allow his
    expert to conduct maintenance on the device;
    Doc. #124 plaintiff's motion for judgment as a matter of
    law;
    Doc. #128 plaintiff's third motion for summary judgment;
    Doc. #130 defendants' combined motion to strike Docs. #124
    and #128 and for sanctions;
    Doc. #133 plaintiff's motion for preliminary injunction;
    Doc. # 138 plaintiff's combined motion for relief from order
    and for default judgment;
    Doc. # 144 defendants' motion for summary judgment based
    on mootness;
    Doc. #148 plaintiff's motion for leave to file motion for
    summary judgment;
    Doc. #149 plaintiff's motion for leave to file motion to
    strike defendants' motion for summary judgment based on
    mootness;
    Doc. #152 plaintiff's motion for leave to file motion for
    costs;
    Doc. #155 plaintiff's motion for leave to file motion for
    preliminary injunction; and
    Doc. #157 plaintiff's combined motion for leave to file
    motion for a temporary restraining order and motion for
    preliminary injunction.

**The motions for summary judgment**

Summary judgment is appropriate when the moving party

demonstrates that there is "no genuine dispute" about "any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the Court considers the evidence and draws inferences in the light most favorable to the non-moving party. *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010).

The moving party has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets that burden, the burden shifts to the non-moving party to show that genuine issues remain for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The non-moving party may not rest on its pleadings but must come forward with specific facts supported by competent evidence. *Nahno-Lopez*, 625 F.3d at 1283.

"An issue of fact is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party' on the issue." *Id*. (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). The core inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-52.

Four motions for summary judgment are pending before the Court, and the Court has examined all of these motions and the responses filed to them. In light of the change in circumstances that has occurred, namely, the availability of a new version of the audio Bible that is

compatible with the security requirements of the Kansas Department of Corrections, and the delivery of that device to the plaintiff, the Court concludes that defendants' motion for summary judgment based on mootness (Doc. #144) must be granted for the following reasons.

"Constitutional mootness doctrine is grounded in the Article III requirement that federal courts only decide 'actual, ongoing cases or controversies.'" *Bldg. & Const. Dept. v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1491 (10th Cir. 1993)(quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). "A suit becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Brown v. Buhman*, 822 F.3d 1151, 1165(10th Cir. 2016)(internal quotations omitted)(quoting *Chafin v. Chafin*, __ U.S. ___, 133 S.Ct. 1017, 1023 (2013)).

Where an action becomes moot due to intervening changes, a federal court lacks subject matter jurisdiction. *See In re BCD Corp.*, 119 F.3d 852, 856 (10th Cir. 1997)(mootness is a threshold inquiry because without a live case or controversy, the court lacks subject matter jurisdiction). *See also Iron Arrow Honor Soc. v. Heckler*, 464 U.S. 67, 70 (1983)("A case becomes moot when a plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision.")

Here, the decision to allow plaintiff to have the new version of the audio Bible in his possession, regardless of his incentive level or disciplinary status, provides plaintiff with the exact relief he sought and renders this matter moot.

Plaintiff asserts this matter is not moot due to his desire for access to a television. *See* Doc. #146, p. 3, par. 10. The Court rejects this argument. First, plaintiff has stated both that he sought the audio Bible, *see* Doc. #42, p. 8, par. 37:("the Law that defines the term "Bible" shall mean the main religious text of the inmate's religion … is a very narrow scope which a television, radio, and MP3 music player does not meet because those items do not contain the Audio text of the Bible") and *id.*, p. 9, par. 37: ("I am only seeking to have an audio Bible, either the My-iBible [or] the facility's contracted MP3 player"). Likewise, plaintiff has expressly rejected television as a means to meet his requirement for hearing the Bible read aloud. *See, e.g.,* Doc. #42, p. 9, par. 41: ("I believe that Television and Radio have sinful behaviors and languages, to watch and listen to them would be partaking in those sinful nature that breaks my fellowship with God") and Doc. #49, p. 2, par. 5: ("I cannot trust clergy on television and radio because I have found them to be inconsistent with the Bible, further television and radio clergy is not a narrated word of the gospel.")

The Court therefore grants the motion for summary judgment on the ground of mootness. Having reached this conclusion, the Court will deny the remaining motions for summary judgment.

**Plaintiff's motions for costs and injunctive relief**

Plaintiff has filed a motion seeking costs (Doc. #152). He describes these costs as "attorney costs" and "secretarial assistance" *Id.*, Attach., p. 1; these costs appear to be $13,600.00

for hours he and his mother devoted to his case. *Id.*, p. 4.

Even assuming arguendo that plaintiff is the prevailing party, as he asserts, it does not follow that he is entitled to the award of costs that he seeks. It is settled that a pro se litigant is not permitted to recover attorney fees under the Civil Rights Fee Awards Act, 42 U.S.C. § 1988. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991)(a pro se party is not entitled to attorney fees under Section 1988, regardless of whether the party is an attorney). In that decision, the U.S. Supreme Court reasoned that the term attorney's fees "assumes an agency relationship" between an attorney and cline, and that awarding fees only in that context will encourage "potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights." *Id.* at 436-37. In contrast, a rule authorizing the award "of counsel fees to pro se litigants – even if limited to those who are members of the bar – would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf." *Id.* at 438.

This Court has found no authority that would allow an award for legal work conducted by a pro se party or for the unspecified secretarial work plaintiff claims was performed by his mother. Accordingly, the Court rejects plaintiff's request for costs.

Plaintiff also has filed motions for relief that concern the maintenance and access to specific equipment, Doc. #123, which seeks permission for "plaintiff's expert" to conduct maintenance; Doc. #155, which seeks preliminary injunctive relief to have two pairs of

earbuds, rather than one; and Doc. #157, which challenges the confiscation of several books due to his possession of a number of books over the facility limitation.

It is settled that the courts "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). Accordingly, courts normally defer to decisions of prison officials made "in managing the daily operations of a prison due to the unique nature, needs and concerns of the prison environment." *Pinson v. Pacheco*, 424 Fed.Appx. 749, 756 (10th Cir. 2011).

Plaintiff's requests are within the ordinary management decisions, and absent error of constitutional dimension, decisions concerning maintenance and access to the quantity of equipment should be left to the expertise and discretion of prison officials.

### Conclusion

For the reasons set forth, the Court grants the defendants' motion to dismiss this matter as moot and denies plaintiff's motions for costs and for injunctive relief concerning the equipment provided to him.

IT IS, THEREFORE, BY THE COURT ORDERED defendants' motion for summary judgment based on mootness (Doc. #144) is granted.

IT IS FURTHER ORDERED plaintiff's motion for leave to file motion for costs (Doc. #152) is denied.

IT IS FURTHER ORDERED plaintiff's motion for summary judgment (Doc. #105), defendants' motion for summary judgment (Doc. #113), plaintiff's motion for extension of time (Doc. #116), plaintiff's motion for permission for an expert to conduct maintenance (Doc. #123), plaintiff's motion for judgment as a matter of law (Doc. #124), plaintiff's third motion for summary judgment (Doc. #128), defendants' combined motion to strike and motion for sanctions (Doc. #130), plaintiff's motion for preliminary injunction (Doc. #133), plaintiff's combined motion for relief from order and for default judgment (Doc. #138), plaintiff's motion for leave to file motion for summary judgment (Doc. #148), plaintiff's motion for leave to file motion to strike (Doc. #149), plaintiff's motion for leave to file motion for preliminary injunction (Doc. #155), and plaintiff's motion for leave to file a motion for preliminary injunctive relief and for a temporary restraining order (Doc. #157) are denied.

**IT IS SO ORDERED**.

DATED:  This 28th day of March, 2017, at Topeka, Kansas.

　　　　　　　　　　　　　　　　S/ Sam A. Crow
　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　U.S. Senior District Judge